UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD WALKER,

                      Petitioner,

v.                                      CASE NO. 2:13-CV-13098
                                      HONORABLE LAWRENCE P. ZATKOFF
KENNETH McKEE,                      UNITED STATES DISTRICT JUDGE

Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Leonard Walker, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and felony firearm, M.C.L.A. 750.227b.[1]  For the reasons stated below, the petition for writ of habeas corpus is DENIED.  The Court will also deny Petitioner's motion to amend the petition for writ of habeas corpus.

**I.  Background**

Petitioner was originally charged with first-degree murder and felony-firearm.  Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of the lesser included

_____

1. When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Lakeland Correctional Facility, but has since been transferred to the Bellamy Creek Correctional Facility.  The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.  Therefore, the Court substitutes Warden Kenneth McKee in the caption.

offense of second-degree murder and guilty as charged of felony-firearm.  This Court recites

verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed

correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410,

413 (6th Cir. 2009):

> The charges in this case stem from a fight between defendant and the victim outside
> a local bar. Defendant knew the victim before this incident, and they exchanged
> words on the night of the murder.  The victim's friend testified that he saw
> Defendant pull a gun from his hood and shoot the victim while the two argued
> outside the bar. The bar's bouncer testified that he heard several gunshots while
> Defendant and the victim were engaged in a fistfight.  According to the bouncer,
> when the victim tried to reenter the bar, Defendant stood behind him and fired
> additional shots at him.  The victim then ran toward the road and fell to the ground.
> Defendant repeatedly punched the victim in the face as he lay on the curb.  The
> autopsy revealed five gunshot wounds on the victim's body, including three
> consistent with close-range shots.  Police officers found blood in various locations
> near the bar.
>
> Defendant acknowledged that he had engaged in a physical altercation with the
> victim.  However, Defendant contends that the victim pulled the weapon, and when
> they struggled for control of the gun the weapon discharged, wounding the victim.
> Defendant conceded that he walked away from the scene after the shooting, did not
> call authorities, and left the state two days later.
>
> *People v. Walker,* No. 279500, * 1 (Mich.Ct.App. February 19, 2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 483 Mich. 1115, 766 N.W.2d 831

(2009).

Petitioner filed a post-conviction motion for relief from judgment with the trial court

pursuant to M.C.R. 6.500, *et. Seq.,* which was denied. *People v. Walker*, No. 07-006407-01 (Wayne

County Circuit Court, January 12, 2010).  The Michigan appellate courts denied Petitioner leave to

appeal. *People v. Walker*, No. 300633 (Mich.Ct.App. August 16, 2011); *lv. den.* 492 Mich. 852, 817

N.W.2d 82 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

2

I. Was the defendant's constitutional right to a fair trial under the Due Process Clause of the Fourth Amendment violated where the trial court failed to give a jury instruction, sua sponte, on "accidental killing"?

II. Was the defendant's constitutional right to effective assistance of counsel violated where his trial counsel failed to request a jury instruction on "accidental killing" despite his request for an instruction on self-defense?

III. Was the defendant's constitutional right to the effective assistance of counsel under the Sixth Amendment violated where [the] trial court failed to investigate the gun residue, stippling of the victim[']s clothing and or call or seek an expert opinion regarding them?

Respondent filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that Petitioner's claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

### III.  Discussion

**A.  Petitioner's claims are procedurally defaulted.**

Respondent contends that all of Petitioner's claims are procedurally defaulted because he presented them to the state courts for the first time on his post-conviction motion for relief from judgment and failed to show cause and prejudice for not raising these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  In an extraordinary case, however, where a constitutional error has probably resulted in the

3

conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

The Wayne County Circuit Court judge rejected all three of Petitioner's claims on the ground that Petitioner had failed to show good cause or prejudice, as required by M.C.R. 6.508(D)(3), for not raising these claims on his appeal of right. *Walker,* No. 07-006407-01, Slip. Op. at * 9-10, 12-13. Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir.

4

2:13-cv-13098-LPZ-RSW   Doc # 12   Filed 04/25/14   Pg 5 of 10   Pg ID 417

2007). The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d at 695. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *See McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claims are procedurally defaulted.

Petitioner appears to allege that appellate counsel was ineffective for failing to raise these claims on his appeal of right.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland [v. Washington]* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left

5

2:13-cv-13098-LPZ-RSW   Doc # 12   Filed 04/25/14   Pg 6 of 10   Pg ID 418

to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment.  Petitioner's appellate counsel filed an eighteen page appeal brief which raised two claims for relief.[2]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Wayne County Circuit Court in rejecting Petitioner's post-conviction claims, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his procedurally defaulted claims. *Smith*, 477 U.S. at 533.[3]

---

[2] *See* Dkt. # 9-6.

3.  Assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Wayne County Circuit Court in its opinion denying Petitioner's motion for

6

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.,* at 324. Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Mack v. Jones,* 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008). Petitioner is not entitled to habeas relief on his claims.

**B. The Court will deny the motion to amend the habeas petition.**

Petitioner has filed an amended habeas petition, which is construed as a motion to amend the petition for writ of habeas corpus. *See Woods v. Carey,* 525 F. 3d 886, 888-90 (9th Cir. 2008).

In his amended habeas petition, Petitioner reiterates the three claims that he raised in his initial petition. Petitioner also mentions the two claims that he raised on his direct appeal, as well as an additional claim that he raised in his post-conviction motion for relief from judgment but did not include in his original petition. It is unclear whether Petitioner seeks to raise these claims as grounds for relief.

To the extent that Petitioner seeks to amend his petition to add these claims, the Court will deny the motion, because any amendment to the petition would be futile, in light of the fact that this

---

relief from judgment, Petitioner failed to show that his claims have any merit. The reasons justifying the denial of these claims were "ably articulated by the" state court, therefore, "the issuance of a full written opinion" by this Court regarding the merits of these claims "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009).

Court cannot grant habeas relief to petitioner on any of these claims. *See Wiedbrauk v. Lavigne,* 174 Fed. Appx. 993, 1000-02 (6th Cir. 2006). In the first claim that Petitioner raised on his appeal of right, Petitioner argued that there was insufficient evidence to submit the original first-degree murder charge to the jury. Petitioner, however, was acquitted of that charge and found guilty of the lesser included offense of second-degree murder. The submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *See Daniels v. Burke*, 83 F. 3d 760, 765, fn. 4 (6th Cir. 1996); *Long v. Stovall,* 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006). The second claim raised by Petitioner on his appeal of right involved an allegation that the trial judge had incorrectly scored Offense Variable 7 under the Michigan Sentencing Guidelines. Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it raises issues of state law. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007). Petitioner also raised a claim on post-conviction review involving the state court's order for Petitioner to reimburse the county for his court-appointed attorney fees. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995). Petitioner would thus not be able to bring a challenge to the trial court's allegedly improper assessment of court-appointed attorney's fees in his habeas petition. *See Frey v. Palmer,* No. 2:10–CV–10436; 2012 WL 1986324, * 10 (E.D. Mich. June 4, 2012). Because this Court cannot grant relief to Petitioner on these claims, any request to amend the petition to add these claims is denied.

## IV. Conclusion

2:13-cv-13098-LPZ-RSW   Doc # 12   Filed 04/25/14   Pg 9 of 10   Pg ID 421

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny Petitioner a certificate of appealability because reasonable jurists would not

9

find debatable this Court's determination that it would be futile to permit Petitioner to amend his

habeas petition. *See e.g. Rea v. Suthers,* 402 Fed. Appx. 329, 331-32 (10th Cir. 2010).  The Court

will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous.

*See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS HEREBY ORDERED that the petition for a writ of

habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion to amend the habeas petition [Dkt. # 11] is

DENIED.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2014

10